## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**ELISABETA MODY,**

    **Plaintiff,**

**v.**                                      **CASE NO.:**

**PREMIER EYE CLINIC, P.A., a Florida**
**Professional Association,**

    **Defendant.**                              /

### COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ELISABETA MODY, by and through the undersigned attorney, sues the Defendant, PREMIER EYE CLINIC, P.A., a Florida Professional Association, and alleges:

1. Plaintiff was an employee of Defendant and brings this action for unpaid overtime compensation, liquidated damages, and all other applicable relief pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

### General Allegations

2. Plaintiff was an employee who worked for Defendant within the last three years in Volusia County, Florida.

3. Plaintiff worked for Defendant from around March 2014 to April 2019 as an hourly paid employee.

4. Plaintiff was employed with Defendant as a receptionist.

5. From around April 15, 2016 to May 25, 2018, Plaintiff's hourly rate was $14.00 per hour. From around May 25, 2018 to April 2019, Plaintiff's hourly rate was $14.50 per hour.

1

6. In addition to Plaintiff's hourly wages, Plaintiff received a non-discretionary, deferred commission bonus of 10% of the revenues generated for the optical department. The commission bonus was paid once per month.

7. At all times material to this cause of action, Defendant was an enterprise subject to the FLSA's provisions on overtime wages.

8. At all times material to this cause of action, Plaintiff was a non-exempt employee and therefore entitled to overtime wages for any and all overtime hours worked.

9. Defendant, PREMIER EYE CLINIC, P.A., is a Florida Professional Association that operates and conducts business in Volusia County, Florida and is therefore, within the jurisdiction of this Court.

10. Specifically, Defendant operates as an eye clinic in Port Orange, Florida.

11. This action is brought under the FLSA to recover from Defendant overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

12. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA.

13. During Plaintiff's employment with Defendant, Defendant earned more than $500,000.00 per year in gross sales.

14. Defendant employed approximately fifteen (15) employees and paid these employees plus earned a profit from their business.

15. During Plaintiff's employment, Defendant employed at least two employees who were engaged in interstate commerce and/or handled goods, materials and supplies which travelled in interstate commerce, including but not limited to computers, sales

registers, telephones, medical equipment, and other tools/materials used to run the business.

16. Therefore, at all material times relevant to this action, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

17. Additionally, Plaintiff is individually covered under the FLSA because she was engaged in interstate commerce by taking out of state telephone calls, processing credit card transactions, and coordinating with out of state insurance companies through the use of telephone, electronic mail, and the Internet.

**Overtime Violations**

18. At all times relevant to this action, Defendant failed to comply with the FLSA because Plaintiff performed services for Defendant for which Defendant did not properly pay overtime for all overtime hours worked.

19. Specifically, during her employment with Defendant, Plaintiff frequently worked more than forty (40) hours per week.

20. Despite the overtime work performed, Plaintiff never received hourly wages in excess of forty (40) hours per week.

21. Additionally, Defendant did not pay additional overtime compensation owed by virtue of inclusion of the commissions in Plaintiff's regular rate of pay.

22. Plaintiff is entitled to her regular rate of pay ($14.00/hour from April 15, 2016 to May 25, 2018, and $14.50/hour from May 25, 2018 to April 2019) plus the half-time premium ($7.00/over time hour from April 15, 2016 to May 25, 2018, and $7.25/overtime hour from May 25, 2018 to April 2019) for all hours worked in excess of forty (40) per week.

23.     In months where Plaintiff earned a non-discretionary commission bonus, Plaintiff is also entitled additional overtime compensation for each week during the period in which she worked in excess of forty (40) hours per week, in an amount not less than one-half of the increase in the hourly rate of pay attributable to the commission for that week multiplied by the number of hours worked in excess of forty (40) hours in that week. See 29 C.F.R. § 778.119.

24.     Based upon the above policies, Defendant has violated the FLSA by failing to pay complete and proper overtime pay for each hour worked over forty (40) hours per week.

25.     Upon information and belief, the records, to the extent any exist and are accurate, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendant.

26.     Plaintiff has hired the below law firm and is obligated to pay them a reasonable fee if successful in this litigation.

27.     All conditions precedent to this action have been performed or waived.

**COUNT I - RECOVERY OF OVERTIME COMPENSATION PURSUANT TO THE FAIR LABOR STANDARDS ACT**

28.     Paragraphs one (1) through twenty-seven (27) are fully re-alleged and incorporated herein.

29.     Plaintiff is/was entitled to be paid time and one-half her regular rate of pay for each hour worked in excess of forty (40) per work week.

30.     In months where Plaintiff earned a non-discretionary commission bonus,

Plaintiff is/was entitled to additional overtime compensation for each week during the period in which she worked in excess of forty (40) hours per week, in an amount not less than one-half of the increase in the hourly rate of pay attributable to the commission for that week multiplied by the number of hours worked in excess of forty (40) hours in that week.

31. During her employment with Defendant, Plaintiff was not paid for all time worked as described above which resulted in Plaintiff not being paid proper overtime compensation for all overtime hours worked in violation of the FLSA.

32. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff overtime compensation for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

33. Defendant did not have a good faith basis for its failure to pay Plaintiff overtime compensation for each hour worked in excess of forty (40) per work week.

34. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

35. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, ELISABETA MODY, demands judgment against Defendant for the payment of all overtime hours at one and one-half her regular rate of pay for the hours worked by her for which Defendant did not properly compensate her, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

Dated this 7th day of August, 2019.

                    **/s/ JOLIE N. PAVLOS**
Jolie N. Pavlos, Esq.
FBN 0125571
Morgan & Morgan, P.A.
20 N. Orange Avenue
Suite 1600
Orlando, FL 32801
Telephone: (407) 245-3517
Facsimile:  (407) 204-2206
Email:  JPavlos@forthepeople.com
Attorneys for Plaintiff