# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**ELISABETA MODY,**

        **Plaintiff,**

**v.**                                                     Case No: 6:19-cv-1460-Orl-37DCI

**PREMIER EYE CLINIC, P.A.,**

        **Defendant.**

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

> **MOTION:** Joint Motion for Approval of FLSA Settlement Agreement (Doc. 20)
>
> **FILED:** January 2, 2020
>
> **THEREON** it is **Recommended** that the motion be **GRANTED in part**.

### I. Background

Plaintiff brought this action against Defendant for failure to pay overtime wages in violation of the Fair Labor Standards Act (FLSA). Doc. 1. The parties subsequently filed a joint motion to approve their settlement, to which they attached their settlement agreement. Docs. 20 (the Motion); 20-1 (the Agreement). Under the Agreement, Plaintiff will receive $1,675.00 in unpaid wages, $1,675.00 in liquidated damages, and $6,835.00 in attorney fees and costs. Doc. 20-1. The parties argue that the Agreement represents a reasonable resolution of Plaintiff's FLSA

claims, and the parties request that the Court grant the Motion and dismiss the case with prejudice. Doc. 20.

**II.     Law**

The settlement of a claim for unpaid minimum or overtime wages under the FLSA may become enforceable by obtaining the Court's approval of the settlement agreement.[1] *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352-53 (11th Cir. 1982). Before approving an FLSA settlement, the Court must scrutinize the settlement agreement to determine whether it is a fair and reasonable resolution of a bona fide dispute of plaintiff's FLSA claims. *See id*. at 1353-55. In doing so, the Court should consider the following nonexclusive factors:

- The existence of collusion behind the settlement.
- The complexity, expense, and likely duration of the litigation.
- The state of the proceedings and the amount of discovery completed.
- The probability of plaintiff's success on the merits.
- The range of possible recovery.
- The opinions of counsel.

*See Leverso v. SouthTrust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). The Court may approve the settlement if it reflects a reasonable compromise of the FLSA claims that are actually in dispute. *See Lynn's Food Stores*, 679 F.2d at 1354. There is a strong presumption in favor of settlement. *See Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[2]

In addition to the foregoing factors, the Court must also consider the reasonableness of the attorney fees to be paid pursuant to the settlement agreement "to assure both that counsel is

---

[1] The settlement of a claim for unpaid minimum or overtime wages under the FLSA may also become enforceable by having the Secretary of Labor supervise the payment of unpaid wages. *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982).

[2] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351-52 (11th Cir. 2009).[3] The parties may demonstrate the reasonableness of the attorney fees by either: 1) demonstrating the reasonableness of the proposed attorney fees using the lodestar method; or 2) representing that the parties agreed to plaintiff's attorney fees separately and without regard to the amount paid to settle plaintiff's FLSA claim. *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

**III. Analysis**

**A. The Settlement.**

The parties assert that the Agreement reflects a reasonable compromise of the disputed issues in this case. Doc. 20 at 3-4. The parties have been represented by counsel throughout this case, exchanged information and their own calculations concerning the amount owed Plaintiff, and engaged in settlement discussions. *Id*. The parties represent that there exist disputes concerning "(1) the number of hours Plaintiff worked for Defendant; (2) whether certain payments made to Plaintiff constituted commissions; (3) whether the Defendant properly paid the Plaintiff overtime compensation for all hours worked; and (4) whether the Defendant knew or should have known the Plaintiff had worked such hours." *Id*. at 3. Plaintiff asserts that she is owed $1,839.75 in unpaid overtime, but, after settlement negotiations and taking into consideration the disputed issues identified by the parties, Plaintiff agreed to receive a total of $1,675.00 in unpaid wages and an equal amount in liquidated damages. *Id*. at 4. The undersigned finds that this is a fair and reasonable compromise based on the reasons articulated in the Motion. Therefore, the undersigned

---

[3] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority. *See* 11th Cir. R. 36-2.

**RECOMMENDS** that the Court find that the settlement is a fair and reasonable resolution of Plaintiff's FLSA claims.

### B. The Other Terms of the Agreement

Upon review of the Agreement, the undersigned finds that the Agreement does not contain a general release, confidentiality provision, non-disparagement clause, or other potentially problematic contractual provision sometimes found in proposed FLSA settlement agreements. However, the Agreement includes a provision that contains a sentence that purports to allow the parties to modify the agreement in writing.[4]  *See* Doc. 20-1 at 7.  Because that language would ostensibly permit the parties to modify the agreement without Court approval, the undersigned finds that the sentence is due to be stricken.  Accordingly, it is **RECOMMENDED** that the Court strike the final sentence of paragraph 7 of the Agreement, and otherwise find that the terms of the Agreement do not affect the reasonableness of the settlement.[5]

### C. Attorney Fees and Costs.

Plaintiff's counsel will receive a total of $6,835.00 in attorney fees and costs for representing Plaintiff in this case.  Doc. 20-1 at 4.  The parties state that the attorney fees were "negotiated separately and without regard to the amount paid to the Plaintiff."  Doc. 20 at 4.  The settlement is reasonable to the extent previously discussed, and the parties' foregoing statement adequately establishes that the issue of attorney fees and costs was agreed upon separately and without regard to the amount paid to Plaintiff.  *See Bonetti*, 715 F. Supp. 2d at 1228.  Therefore,

---

[4] The modification clause provides as follows: "The terms of this Agreement are contractual. and may not be changed, modified, altered, interlineated or supplemented, except by agreement in writing signed by the Party against whom enforcement of the change, modification, alteration, interlineation or supplementation is sought"  Doc. 20-1 at 7.

[5] The Agreement contains a "severability" provision.  Doc. 20-1 at 8.

the undersigned **RECOMMENDS** that the Court find the agreement concerning attorney fees and costs does not affect the fairness and reasonableness of the settlement.

### IV.     Conclusion

Accordingly, it is respectfully **RECOMMENDED** that:

1. The Motion (Doc. 20) be **GRANTED**;
2. The Court find the Agreement (Doc. 20-1) to be a fair and reasonable settlement of Plaintiff's claims under the FLSA;
3. The case be **DISMISSED with prejudice**; and
4. The Clerk be directed to close the case.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on January 2, 2020.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy